IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LINDA F. BURCH                                                                                          PLAINTIFF

VS.                                                CIVIL NO. 04-3047

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## MEMORANDUM OPINION

Linda Burch ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB"), under Title II, and supplemental security income benefits ("SSI"), under Title XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on December 19, 2001, alleging an onset date of February 5, 2001, due to degenerative disc disease, fatigue, hypertensive vascular disease, and essential hypertension. (Tr. 11). An administrative hearing was held on October 7, 2003. (Tr. 312-326). Believing that additional evidence was necessary, the Administrative Law Judge ("ALJ") ordered a mental status examination. (Tr. 329). A supplemental hearing was then held on May 28, 2003, at which time testimony was elicited from a vocational expert. (Tr. 327-341). Plaintiff was present and represented by counsel.

On August 25, 2003, the ALJ, issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). At this time, plaintiff was thirty-nine years old and possessed a high school education. (Tr. 11). The record reflects that she had past relevant work

("PRW") experience as a traveling salesperson, hotel desk clerk, factory worker, nurse's aide, and retail salesclerk. (Tr. 11).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ( "RFC"), to perform light work. (Tr. 21). With the assistance of a vocational expert, the ALJ then found that plaintiff could still perform work existing in significant numbers in the national economy. (Tr. 21).

On May 14, 2004, the Appeals Council declined to review this decision. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties were afforded an opportunity to file appeal briefs, however, the plaintiff chose not to do so. (Doc. # 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir.2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir.2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and

AO72A
(Rev. 8/82)

one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir.2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

3

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to discuss and consider the RFC assessment completed by Dr. Rolland Bailey, plaintiff's treating physician. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). In general, a treating physician's opinion is entitled to substantial weight. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003). An ALJ may discount a treating physician's opinion if other medical assessments are supported by superior medical evidence, or if the physician has offered inconsistent opinions that are inconsistent or not fully supported by medical evidence *Anderson v. Barnhart*, 344 F.3d 809, 813 (8th Cir. 2003); *Holmstrom v. Massanari*, 270 F.3d 715, 720 (8th Cir. 2001). However, whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that he must "always give good reasons" for the particular weight given to a treating physician's evaluation. 20 C.F.R § 404.1527(d)(2); *see also* SSR 96-2p; *See Prosch v. Apfel,* 201 F.3d 1010, 1012-13 (8th Cir. 2000).

In the present case, the ALJ failed to even mention the assessment completed by Dr. Bailey. On June 11, 2003, Dr. Bailey stated that he had been treating plaintiff every one to three months for degenerative disc disease, osteoarthritis, anxiety psychosis, major depression, and hypertension. (Tr. 288). He indicated that plaintiff's symptoms included chronic neck and back pain, as well as recurrent headaches, both made worse by activity. For this condition, Dr. Bailey had prescribed analgesics and muscle relaxants, both of which could sedate and impair her cognition. He was of the opinion that plaintiff's prognosis was fair, and could be expected to last at least twelve months.

With regard to her anxiety and depression, Dr. Bailey stated that these diagnoses did not

4

contribute to the severity of her physical condition but, rather were caused by her physical impairments. (Tr. 288-289). As such, he determined that her impairments were severe enough to cause frequent interference with her ability to pay attention and concentrate, rendering her incapable of even a low stress job. (Tr. 289). Dr. Bailey then indicated that plaintiff could walk less than one block without rest or severe pain. Further, he reported that plaintiff could sit, stand, and walk a total of less than two hours per eight-hour workday. (Tr. 290). Dr. Bailey also noted that she would require periods of walking around every ten minutes for approximately five minutes, require a job that permitted shifting positions at will, and need to take frequent unscheduled breaks of five to ten minutes each. In addition, he stated that plaintiff should rarely lift ten pounds or less and climb stairs, and never lift more than ten pounds, twist, stoop, crouch, or climb ladders. (Tr. 291). Dr. Bailey was also of the opinion that she could only use her arms for reaching overhead approximately five percent of the time. As such, he concluded that plaintiff's impairment would be likely to cause her to miss more than four days of work per month. (Tr. 292).

As the ALJ failed to even mention Dr. Bailey's opinion, we believe that remand is necessary to allow for further consideration of the evidence. On remand, the ALJ is directed to discuss Dr. Bailey's evaluation, and provide "good reasons" for the particular weight given to it. *Collins*, 335 F.3d at 730; *Prosch,* 201 F.3d at 1012-13.

We also note that the ALJ failed to properly consider plaintiff's mental impairment. When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments. *See Cunningham v. Apfel,* 222 F.3d 496, 501 (8th Cir. 2000). In fact, according to the regulations, when considering a mental

5

impairment, a special procedure must be followed at each level of administrative review. 20 C.F.R. § 404.1520a(a). The regulations require that the steps of the procedure are to be documented at each level by completion of a standard document, the "Psychiatric Technique Review Form" ("PRT").[1] *See id.* § 404.1520a(d). This form must be attached to or incorporated into the ALJ's decision. *Id.* § 404.1520a(d)(2), (e)(2). However, in the present case, although the ALJ acknowledged the presence of evidence regarding plaintiff's mental condition, he failed to complete or have a mental health expert complete a PRT. In addition, he did not make specific findings regarding the affect, if any, plaintiff's mental impairment had on her RFC.

The relevant mental health evidence reveals the following. On December 9, 2002, plaintiff underwent a psychological assessment with Dr. Stephen Harris. (Tr. 274-276). Plaintiff reported suffering from chronic pain in her lower back, rating it as a six on a scale of ten with medication, and a ten without medication. (Tr. 274). She indicated that she gets unhappy, becomes very frustrated, and will cry. Plaintiff also stated that she experienced difficulties with her teenage daughter who wanted things that she could not have, due to a lack of finances.

Testing revealed that plaintiff was experiencing severe levels of depression and anxiety, evidenced by feelings of dejection, a loss of interest in most activities, emotional turmoil, poor impulse control, and tendencies toward passive aggressive behavior. (Tr. 275). However, Dr. Harris then concluded that plaintiff's depression and anxiety focused on her physical ailments. (Tr. 276).

---

[1]A PRT is a standard document which generally must be completed when a claimant alleges a mental impairment," *Mapes v. Chater,* 82 F.3d 259, 262 n. 8 (8th Cir. 1996), indicating that the ALJ fully considered the assertion that plaintiff has a mental impairment. *See Russell v. Sullivan,* 950 F.2d 542, 544-45 (8th Cir. 1991) (procedure for mental impairments).

6

Academic testing yielded results in the average range of intellect. (Tr. 276).

Dr. Harris also completed a medical source statement of plaintiff's mental ability to do work-related activities, indicating that plaintiff had moderate limitations regarding her ability to make judgments on simple work-related decisions, interact appropriately with the public, interact appropriately with supervisors, interact appropriately with co-workers, and respond appropriately to changes in a routine work setting. (Tr. 277-278). He also noted moderate to marked limitations in her ability to respond appropriately to work pressures in a usual work setting. (Tr. 278).

Given the fact that plaintiff was noted to have both moderate and marked limitations in several areas of functioning, we believe that the ALJ should have completed a PRT and made specific findings as to how plaintiff's mental limitations affected her ability to perform work-related activities. Instead, he made no mention of her mental or non-exertional limitations in his RFC determination, finding that she could perform a full range of light work. His failure to do so constitutes error. *See Cunningham,* 222 F.3d at 501.

The ALJ also failed to develop the evidence as to side effects of plaintiff's medications. Records indicate that plaintiff was taking Hydromorphone, Paxil, Neurontin, Fosamax, and Zanaflex on a daily basis. (Tr. 294). Although the ALJ did not believe plaintiff's testimony concerning her limitations, we note that the combination of Hydromorphone and an anti-depressant can result in sedation, and Skelaxin can cause drowsiness, lack of muscular coordination, and weakness. PHYSICIANS' DESK REFERENCE (59th ed. 2005), *available at* www.gettingwell.com. Moreover, Hydromorphone is a controlled substance with abuse liability similar to morphine. *Id.* Clearly, this information should have been considered by the ALJ when determining plaintiff's ability to perform

substantial gainful activity. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Therefore, on remand, the ALJ is directed to do so.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 13th day of September 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)