IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LINDA F. BURCH                                                                             PLAINTIFF

v.                                  Civil No. 04-3047

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Linda F. Burch, appealed to this Court from the denial of her application for social security disability benefits, by the Commissioner of the Social Security Administration (hereinafter "Commissioner")(Doc. #1). On September 13, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #11 & 12).

Plaintiff's attorney, Frederick S. "Rick" Spencer, filed a Motion For Attorney's Fees pursuant to the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA*"), on November 21, 2005 (Doc. #13-14). On November 22, 2005, the Commissioner filed her Response (Doc. #15 ). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)*.

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA* or the hourly rate requested (Doc. #15). The Court construes this lack of opposition to the award of a reasonable fee as an admission that

the government's decision to deny benefits was not "substantially justified."   However, the undersigned notes that the Commissioner does object to the number of hours for which compensation is sought.

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*.  Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).*   Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id.*  See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

AO72A
(Rev. 8/82)

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood, 487 U.S. 552, 573 (1988).* The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A).* The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B).* Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Plaintiff's attorney requests an award under the *EAJA* at $140.00 per hour, for the 6.75 hours which he asserts he devoted to the representation of plaintiff in this Court. Plaintiff's counsel seeks $140.00 per hour based upon an increase in the cost of living (Doc. #14, Attachment #1).

The party seeking attorney fees bears the burden of proving that the claimed fees are

-3-

AO72A
(Rev. 8/82)

reasonable. *Hensley v. Eckerhart, 461 U.S. at 437.*

*28 U.S.C.A. § 2412(d)(2)(A)* provides:

"fees and other expenses" includes....reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that....(ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's counsel attached a summary of the September 2005 Consumer Price Index as an attachment to his Motion for Attorney's Fees (Doc. #14, Attachment 1), and thus, has presented sufficient evidence of an increase in the cost of living. Therefore, his argument for increased attorney fees, based on a cost of living increase, has merit. The Commissioner has no objection to the hourly rate requested, $140.00 per hour.

We conclude that awarding an enhanced fee in the amount of $140.00 per hour would not only allow a cost of living increase, but would also promote consistency in the *EAJA* awards in the judicial districts of Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, upon consideration of the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $140.00 per hour.

Further, as has been noted, the defendant objects to the number of hours for which counsel seeks a fee award (Doc. #15). As always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #14, Attachment 4). Specifically, the Commissioner objects to compensation for tasks which do not require an attorney's expertise, the claim of "review of file" on every single entry of the itemization, and time caused by counsel's delay in filing his brief (Doc. # 15, pp. 1-3).

Counsel seeks compensation for: 1.00 hour on June 23, 2004 (began perparation of complaint. review of file), from which we deduct 0.25 hours; 0.50 hours on June 23, 2004 (letter to clerk enclosing complaint and summons - preparation of said summons - review of file), from which we deduct 0.50 hours. Plaintiff's counsel did not file the complaint until June 29, 2004 (Doc. #1). Thus, we find that counsel is not entitled to compensation for the time requested, as it was not performed in representation of the plaintiff in the district court. See *Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984);* see also, *Shalala v. Schaefer, 509 U.S. 292 (1993); Sullivan v. Hudson, 490 U.S. 877 (1989)* (An attorney is entitled to *EAJA* fees for services rendered at the district court level). Accordingly, the 0.75 hours, alleged for services not performed before the District Court, must be deducted from the total compensable time sought by counsel.

Counsel also seeks compensation for: 0.75 hours on July 21, 2004 (letter to United States Attorney, U.S. Attorney General and Commissioner enclosing complaint; review of file), from which we deduct 0.75 hours; 0.50 hours on August 9, 2004 (letter to clerk enclosing affidavit of service - preparation of complaint - review of file), from which we deduct 0.50 hours; and, 0.50 hours on April 19, 2005 (prepared motion for extension of time - letter to clerk enclosing said motion. review of file), from which we deduct 0.50 hours. Therefore an additional 1.75 hours should be deducted. This brings the total number of hours to be deducted from the compensable time sought to 2.50 hours. We find the remainder of the time asserted to be spent in representation of the plaintiff before the district court, to be reasonable.

Thus, we find that plaintiff's counsel is entitled to compensation for 4.25 hours spent in the representation of this plaintiff before the district court. at the rate of $140.00 per hour, or

AO72A
(Rev. 8/82)

$595.00, as well as reimbursement for $52.52 in expenses, for a total attorney's fee award of $647.52 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 10th day of May, 2006.

                                            /s/Bobby E. Shepherd
                                            Honorable Bobby E. Shepherd
                                            United States Magistrate Judge

AO72A
(Rev. 8/82)